**SIGNED THIS: August 13, 2024**

_[signature]_

**Peter W. Henderson
United States Chief Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

In re:

MARGARET A. SNELL,                                    Case No. 24-80157

Debtor.

### OPINION

      For many years, the Peoria division has permitted Chapter 7 debtors to "vacate and reinstate" their discharges if they wish to file a reaffirmation agreement after receiving their discharges. A reaffirmation agreement is valid only if "such agreement was made before the granting of the discharge," 11 U.S.C. §524(c)(1), so the Peoria procedure has acted to reset the discharge date to render timely a late-filed reaffirmation agreement. It is a creative and efficient solution to a problem that necessarily exists when fallible parties handle thousands of cases per year. Some reaffirmation agreements are bound to slip through the cracks. Nevertheless, in my opinion, it is not a procedure permitted by the Bankruptcy Code or the Bankruptcy Rules. The "vacate and reinstate" procedure will be discontinued in Peoria.

The Chapter 7 Debtor in this case filed a petition on March 8, 2024, and received a discharge on June 7, 2024. Over a month later, she filed two reaffirmation agreements consistent with her stated intention to reaffirm debts on a credit card and an auto loan owed to CEFCU. The agreements were signed by the Debtor and her counsel on July 18 and by CEFCU's lawyer on July 24. After filing the reaffirmation agreements, the Debtor filed a motion to reopen her case in order to modify the discharge order.

Discharges in run-of-the-mill Chapter 7 cases, like this one, happen quickly, as required by Federal Rule of Bankruptcy Procedure 4004(c)(1). See *Zedan v. Habash*, 529 F.3d 398, 404 (7th Cir. 2008). Sometimes a reaffirmation agreement, which must adhere to certain standards, 11 U.S.C. §524(c), (k), is not executed until after the discharge is granted. In Peoria, the Court has permitted debtors to avoid the consequences of filing the agreements late, but nothing in the Code or the Rules authorizes a "vacate and reinstate" procedure. *In re Golladay*, 391 B.R. 417, 422 (Bankr. C.D. Ill. 2008) (Gorman, J.). Judge Gorman's thorough analysis of the issue need not be repeated here. *Id*. at 419–24. Along with most bankruptcy judges, I agree with *Golladay*, which is consistent with the Supreme Court's more recent disavowal of similar *nunc pro tunc* orders that try to alter the chronological reality of case events through legal maneuvers. See *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020).

Under the Bankruptcy Code, debtors have three options in Chapter 7 with respect to debts secured by property of the estate: reaffirm, redeem, or surrender. 11 U.S.C. §521(a)(2). Debtors must file a statement of intention with respect to retention or surrender at the beginning of the case. *Id*. §521(a)(2)(A). They must perform their intention within 30 days of the §341 meeting of creditors unless that time is extended for cause within the 30-day period. *Id*. §521(a)(2)(B). And as mentioned above, reaffirmation agreements must be filed before a discharge is granted. *Id*. §524(c)(1). So debtors must act quickly to reaffirm debts under the Code.

The Bankruptcy Rules reflect that statutory choice. Rule 4004(c)(1) requires the Court to grant a discharge expediently. There is a safety valve, though, in case a particular reaffirmation agreement takes extra time to execute: "[O]n motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain." Fed. R. Bankr. P. 4004(c)(2). If a debtor intends to reaffirm a debt, the burden is on the debtor to make sure she files a reaffirmation agreement on time, which may be accomplished by asking the Court to defer entry of the discharge order. (Such requests are routine and regularly granted.)

A discharge is a final order. Once entered, it is hard to undo. Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure give respect to final orders and impose demanding criteria for a party seeking to disturb them. See *Golladay*, 391 B.R. at 423. The Court will of course entertain motions under Rule 9023 and 9024 with regard to discharges granted before late-filed reaffirmation agreements, but relief under those Rules is generally reserved for exceptional circumstances.

I am publishing this opinion to make sure that debtors' counsel are aware of this change to the procedure in Peoria. Debtors must take care to ensure that reaffirmation agreements are filed before a discharge is entered.

An order addressing the particularities of this case will be entered separately.

# # #